UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MIGUEL ANGEL SEGOVIA, a/k/a Miguel Angel Segovia Reyna,

Petitioner,

v.

MARTY C. ANDERSON, Warden,

Respondent.

Civil No. 01-1888 (MJD/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Federal Correctional Institution in Sandstone, Minnesota. He is serving a 188-month prison sentence imposed by the U.S. District Court for the Southern District of Iowa, following his 1996 conviction for conspiracy to distribute methamphetamine. (Petition, [Docket No. 1], p. 3, ¶s 1-4.)

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED OCT 22 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Petitioner challenged his conviction in a direct appeal to the Eighth Circuit, but the Court of Appeals rejected all of his arguments and affirmed his conviction and sentence. United States v. Reyna-Segovia, 125 F.3d 645 (8th Cir. 1997) (per curiam). Petitioner later challenged his conviction in a motion brought under 28 U.S.C. § 2255, claiming that he had received ineffective assistance of counsel. The trial court denied Petitioner's § 2255 motion on June 2, 2000. (Petition, p. 7, ¶ 11.)

On October 15, 2001, Petitioner filed his current petition seeking habeas corpus relief under 28 U.S.C. § 2241. He is once again attempting to challenge the 1996 federal criminal conviction for which he is now imprisoned. The present petition lists four grounds for relief: (1) Petitioner's conviction was the product of "falsified drug evidence and documents [and] obstruction of criminal investigations;" (2) there was an "obstruction of proceeding before agencies and committees;" (3) a witness named "Mr. George" gave false testimony at trial; and (4) Petitioner did not receive his "Miranda rights," and his residence was entered without a proper search warrant. (Petition, pp. 4-7, ¶ 9.)

For the reasons discussed below, the Court finds that Petitioner's current claims for relief cannot properly be addressed on the merits here. It will therefore be recommended that his petition be summarily dismissed pursuant to Rule 4.

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained

> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is obviously challenging the validity of his conviction, so his habeas corpus petition is clearly subject to § 2255's exclusive remedy rule. If Petitioner were still eligible for relief under § 2255, his current § 2241 habeas corpus petition could simply be treated as a motion brought under § 2255 and transferred to the trial court. Petitioner's claims could then be addressed on the merits there. In fact, however, Petitioner is not eligible for relief under § 2255 for two reasons: (1) he has already filed a previous § 2255 motion, and (2) it is now too late for him to seek relief under § 2255.

Any request for § 2255 relief that Petitioner might now attempt to pursue would have to be construed as a "second or successive" petition, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the court of appeals for the circuit where Petitioner was

convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 [¶ 8].[2] Without a proper pre-authorization order from the appropriate court of appeals, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. U.S., No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Eighth Circuit, the trial court could not entertain another § 2255 motion from Petitioner at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and transfer the matter to the trial court.

---

[2] According to the final paragraph of 28 U.S.C. § 2255:

> "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Furthermore, it is now too late for Petitioner to seek relief under § 2255. A federal prisoner must file a § 2255 motion within one year after his conviction becomes final. 28 U.S.C. § 2255 [ ¶ 6 ]. In this case, Petitioner's conviction became final when it was upheld by the Eighth Circuit in 1997. Therefore, any application for relief under § 2255 that Petitioner might now pursue would clearly be time-barred under the one-year statute of limitations. For this additional reason, it would not be appropriate to treat Petitioner's current § 2241 habeas corpus petition as a § 2255 motion.

Because Petitioner is now barred from seeking relief under § 2255, (by reason of both the rules governing successive petitions, and the one-year statute of limitations), he may believe that the remedy provided by § 2255 has become "inadequate or ineffective to test the legality of his detention." That might lead him to further believe that he should now be allowed to challenge his conviction in a § 2241 habeas corpus proceeding. If that is what Petitioner believes, however, he is simply wrong.[3]

The rules that restrict the availability of relief under § 2255 would be rendered meaningless, if any prisoner adversely affected by those rules could simply contend that the remedy provided by § 2255 was "inadequate or ineffective," and that he was therefore

---

[3] It is impossible to know whether Petitioner truly believes that the remedy provided by § 2255 is "inadequate or ineffective," (and, if so, why), because he did not complete paragraph 12 of his habeas corpus petition form. That paragraph of the form reads as follows:

> "If you did not file a [§ 2255] motion..., or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention."

(Petition, p. 8, ¶ 12.) Because Petitioner did not respond to paragraph 12 of the petition form, the Court can only speculate about why he might believe the remedy provided by § 2255 is inadequate or ineffective.

entitled to challenge his conviction or sentence in a § 2241 habeas corpus action. Congress could not have intended to make it so easy to evade the procedural rules limiting § 2255 motions. Thus, it is not surprising that our Court of Appeals has confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).[4]

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims for

---

[4] Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate," [citation omitted]); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

relief on direct appeal, and again in his § 2255 motion to the trial court. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute.

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's application for habeas corpus relief challenges the validity of his federal criminal conviction, (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because of the rules governing successive § 2255 motions and because of the one-year statute of limitations; and (4) Petitioner's current ineligibility for § 2255 relief does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that it should be summarily dismissed.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

(2) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED.

Dated: October 22, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.